PIERCE *v.* NICHOLS.

Where there is a contract for the purchase of land, and the person contract-
ing to sell declines executing the contract, upon the ground that he is un-
able to give a good title, and the purchaser files his bill to compel the de-
fendant to complete the contract, or to rescind it; if the defendant is able
to give a good title at the time of the decree, the complainant will be com-
pelled to accept it.

But the defendant will be decreed to pay to the complainant interest upon
the purchase-money paid by him for the land, from the time a conveyance
was demanded by the complainant.

IN May, 1822, the defendant bought of the plaintiff a October 21st.
bond and mortgage, for which he paid a part in money,
and for the residue amounting to $1,750, he agreed to con-
vey to him 584 acres of land in North Carolina, to be located
ted in contiguous lots as soon as the survey, which it was
alleged was then making, should be completed.  After the
survey, the complainant's agent selected the lots, which lo-
cation was *assented to by the defendant; but he declined          [*245]
conveying the same, as he could not give a good title on
account of an outstanding mortgage on the premises, pro-
ceedings to foreclose which were then pending.  But he
promised to procure a good title as soon as the foreclosure
was completed.  He was called upon from time to time for
the conveyance by the agent, and by the attorney for the
complainant, until the latter part of 1826, when this bill
was filed, alleging fraudulent misrepresentations and con-
cealment on the part of Nichols, and a breach of his con-
tract to convey; and praying that he might be compelled
to re-assign the bond and mortgage, or aacount to the com-
plainant for the $1,750 and interest, or for such other relief
as his case entitled him to.

In April, 1827, the defendant put in his answer, denying
all fraud, or fraudulent misrepresentations, or concealment,
and insisting that he had a good title to the lands, and that

the same was redeemed and discharged from the mortgage, and offering to convey the same according to the contract; alleging that he had been always ready and willing to convey, and had offered to the agent and attorney of the complainant to convey. The cause was brought to hearing on pleadings and proofs.

*J. & L. Hoyt*, for complainant, cited 1 John. Ch. R. 150; 2 Equity Cas. Ab. 5; Cooper's Rep. 308; 1 Mad. Ch. Pr. 262.

*P. Ruggles*, for defendant.

THE CHANCELLOR:—All fraud in the making of the original contract is denied in the answer, and there is no proof to support this allegation in the bill. The complainant has therefore no right to claim a re-assignment of the bond and mortgage, or the repayment of the purchase-money on that ground. If he seeks a repayment on the ground of a breach of the contract, his remedy is in a court of law. From the testimony taken in this case it is satisfactorily established, that the defendant either could not or would not, give a good title to the complainant, at the several times when the same *was demanded by Dwight and Hoyt, the agent and attorney of the complainant. But in this court it is sufficient if the party is able to make a good title at the time of the decree. (*Seymour* v. *De Lancey*, 3 Cowen, 445.)

[*246]

The complainant had a right to file his bill to compel the defendant to complete his contract, or to have it rescinded and to have the purchase-money restored. By his answer, the defendant consents and offers to execute the contract; and although he was not then in a situation to give a good title, yet, from the subsequent release from Deponceau, and the deed from Brunson and wife, which were exhibited on the hearing, it is probable that he can now give a good title to the lands selected and agreed upon between him and the

agent of the complainant in 1824. The complainant is not bound, however, to take that title until it has been examined and passed upon by a master. If the defendant can give a good title, the complainant must now accept of it, together with an equitable compensation for the delay; and if the defendant cannot give such title, he must refund the consideration money and interest.

It must therefore be referred to a master to examine and report whether the defendant can give a good title to the lands mentioned in the complainant's bill, as the same were selected and located by the agent of the complainant, and more particularly described in exhibit B, annexed to the deposition of Henry Dwight, and in the deeds from Arthur Brunson and wife to Perkins Nichols, and from Perkins Nichols to the complainant, read on the hearing of this cause. And on the coming in and confirmation of the master's report, if it shall appear that the defendant cannot give a good title, he must pay to the complainant the $1,750 and interest thereon from the date of the original contract. But if it appears he can give a good title, he is to convey the premises by a good and sufficient conveyance, to be approved of by a master, if the parties cannot agree respecting the same; and also pay to the complainant the interest on the purchase-money from the time the conveyance was demanded on the 15th of April, 1824, until the time of the execution of such conveyance; and in either case, that he pay to the complainant the costs of this suit, to be taxed.